UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA CROUSE,<br><br>                    Plaintiff,<br>v.<br>LOWE'S HOME IMPROVEMENT WAREHOUSE, INC., *et al.*,<br><br>                    Defendants. | Civil No. 13-CV-1274-JM (WVG)<br><br>ORDER DENYING JOINT MOTION TO EXTEND DATE FOR COMPLETION OF DEPOSITIONS OF DEFENDANT'S EXPERTS<br><br>[DOC. NO. 27] |

Pending before the Court is the parties' Joint Motion to Extend the Date for Completion of Depositions of Defendant's Experts. (Doc. No. 27.) Finding no good cause to grant the extension request, the Court hereby DENIES the parties' Joint Motion.

## I. BACKGROUND

On June 9, 2014, the parties filed a Joint Motion to Continue the Mandatory Settlement Conference ("MSC") and Expert Disclosure Date. (Doc. No. 25.) In their June 9, 2014, Joint Motion, the parties requested that the Court continue the MSC so that they could complete the depositions of Plaintiff's non-retained and treating surgeon, Dr. Eric Stark, and Defendant's retained expert, Dr. Christopher Behr. Id. at 2. The parties noted that the "testimony of Dr. Stark and Dr. Behr are crucial to the parties' abilities to evaluate and

understand the causal connection between Plaintiff's knee replacement surgery and the injuries sustained as a result of the subject incident. Completion of the depositions of Dr. Stark and Dr. Behr will allow the parties to determine their respective positions pertaining to the disputed knee replacement surgery, which will promote more meaningful settlement discussions at the settlement conference." Id. at 2-3. The Court granted the parties' request to continue the MSC. (Doc. No. 26 at 1-2.)

The Court also stated that, because it granted the parties' request to continue the MSC, they would have ample time to complete the depositions of their experts prior to the MSC. (Doc. No. 26 at 2.) Therefore, the Court denied the parties' request to continue the deadline to exchange expert reports. Id.

## II. RELEVANT LAW

Pursuant to Federal Rule of Civil Procedure ("Rule") 16(b)(3), a district court is required to enter a pretrial scheduling order that "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed.R.Civ.P. 16(b)(3)(A). The scheduling order "controls the course of the action unless the court modifies it[ ]" and Rule "16 is to be taken seriously." Rule 16(d); Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir.1994). As the Eastern District of California has stated, parties must "diligently attempt to adhere to [the court's] schedule throughout the subsequent course of the litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D.Cal.1999). "A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril.'" Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir.1992) (quoting Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D.Me.1985)).

Rule 16(b)(4) "provides that a district court's scheduling order may be modified upon a showing of 'good cause,' an inquiry which focuses on the reasonable diligence of the moving party." Noyes v. Kelly Servs., 488 F.3d 1163, 1174 n. 6 (9th Cir.2007); citing Johnson, 975 F.2d at 609. In Johnson, the Ninth circuit explained,

> ... Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed .R.Civ.P. 16 advisory committee's notes (1983

amendment) ... [T]he focus of the inquiry is upon the moving party's reasons for seeking modification.... If that party was not diligent, the inquiry should end.

Johnson, 975 F.2d at 609.

In part, the "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling conference ..." Jackson, 186 F.R.D. at 608, emphasis added.

### III. RULING

The Court finds that the parties' Joint Motion fails to demonstrate any good cause for granting an extension of the expert discovery cutoff date. The only reason provided to the Court in support of the extension request is that Plaintiff would like to defer the costs associated with deposing all defense experts prior to the MSC. (Doc. No. 27 at 2.) As this Court stated in its June 10, 2014, Order, the Court appreciates that the parties seek to avoid certain litigation costs. (Doc. No. 26 at 2.) However, the Court granted the parties' June 9, 2014, Joint Motion, in an effort to assist the parties in avoiding the costs associated with attending the MSC without a full assessment of the connection between Plaintiff's injuries and her knee replacement surgery. (Doc. No. 26 at 2; citing Doc. No. 25 at 3.) Plaintiff filed this lawsuit and must be prepared to fully litigate her case, and to adhere to the Court's scheduling order. Therefore, because the parties have not demonstrated good cause to grant the extension request, the Court hereby DENIES the parties' Joint Motion.

IT IS SO ORDERED.

DATED: August 14, 2014

Hon. William V. Gallo
U.S. Magistrate Judge